Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50279 | **DATE** | 9/5/2012 |
| **CASE TITLE** | Hoffman vs. Rockford Public Schools | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants defendant's motion for summary judgment and dismisses this cause in its entirety.

*Philip G. Reinhard*

■ [ For further details see text below.]  Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Thomas J. Hoffman, filed, pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., a two-count complaint against defendant, the Rockford Public Schools. Count I alleges a claim of age discrimination based on plaintiff's demotion from chief operations officer to grant manager. Count II claims age discrimination based on constructive discharge resulting from the demotion. Defendant has moved for summary judgment on both counts, and plaintiff has responded.

Applicable Law

Summary judgment is appropriate where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Van Antwerp v. City of Peoria, Illinois, 627 F. 3d 295, 298 (7th Cir. 2010). As it examines the record, the court considers all facts and draws all inferences in the light most favorable to the non-moving party. Egan Marine Corp. v. Great American Ins. Co. of New York, 665 F. 3d 800, 801 (7th Cir. 2011).

The ADEA makes it illegal for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age. Van Antwerp, 627 F. 3d at 297 (citing 29 U.S.C. § 623(a)(1)). An employee may set forth an ADEA claim under either the direct or indirect method of proof. Van Antwerp, 627 F. 3d at 297.

Under the direct method, a plaintiff can meet his burden by either direct evidence (so called "smoking gun") or circumstantial evidence. Van Antwerp, 627 F. 3d at 297-98. Circumstantial evidence in this context can take many forms, including suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group. Van Antwerp, 627 F. 3d at 298. It can also include evidence showing that similarly situated employees outside the protected class received systematically better treatment and evidence that the employee was qualified for the job in question but was passed over in favor of someone from outside the protected class and the employer's reason for doing so is a pretext for discrimination. Van Antwerp, 627 F. 3d at 298. Whatever circumstantial evidence is offered, however, it must point directly to a discriminatory reason for the employer's action. Van Antwerp, 627 F. 3d at 298.

Under the indirect method, a plaintiff must show that: (1) he is a member of the protected class; (2) he was performing well enough to meet his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees not in the protected class were treated more favorably. Naik v. Boehringer

Ingelheim Pharmaceuticals, Inc., 627 F. 3d 596, 599-600 (7th Cir. 2010). If the plaintiff establishes all four elements, the burden shifts to the defendant to offer legitimate, non-discriminatory reasons for the adverse employment action. Naik, 627 F. 3d at 600. If the defendant does so, the plaintiff must then demonstrate that the offered reasons are pretextual. Naik, 627 F. 3d at 600.

Finally, to prevail under the ADEA the plaintiff must show by a preponderance of the evidence that his age was the but-for cause of the defendant's adverse employment action. Senske v. Sybase, Inc., 588 F. 3d 501, 506 (7th Cir. 2009) (citing Gross v. FBL Financial Servs., 129 S. Ct. 2343, 2352 (2009)).

Analysis

Plaintiff here contends that he has offered enough evidence to survive summary judgment under either the direct or indirect methods of proof. The court will address each method separately.

1. Direct Method

Plaintiff relies on several pieces of evidence that he contends show that he was discriminated against based on his age, First, he points to several comments by Dr. Lavonne Sheffield, the then-superintendent for defendant, who made the decision to remove him from his position as chief operations officer shortly after she took office. According to plaintiff, Sheffield made three different such comments.[1] Sheffield told plaintiff at the time she advised him of her decision to demote him that it was "out with the old, and in with the new." Further, in an interview with a local newspaper reporter, she referred to defendant's "age-old ways" of operating a school system. Finally, she remarked several times that she was out to "change the culture" in the school system.

None of these comments, individually or collectively, evidence any age bias on the part of defendant's decision maker, Sheffield. While plaintiff puts much stock in her comment that it was "out with the old, and in with the new," such a comment in the context of Sheffield being the new superintendent from outside the school system reasonably can only be seen as reflecting her view that it was time for change. Of course, change was understandable considering she was the new operations head for defendant. The statement might be as damning as plaintiff urges if she had said "out with the old, and in with the young." But, of course, she did not. The statement she did make is commonly understood to mean it is time for a change. Plaintiff has offered no evidence or reasoned argument, other than his own opinion, that it meant anything related to the age of plaintiff or any other employee.

The same can be said of Sheffield's other comments which are even more innocuous. The phrase "age-old ways" can only reasonably be interpreted as meaning the way things had been done for a long time prior to Sheffield's arrival. Plaintiff might have an argument if Sheffield had used the phrase "age-old people," but again, she did not. The last comment regarding "change the culture" is even more benign. It contains no reference to such terms as age, old, or new. Rather, it is a common term used by leadership to refer to a new way of operating. There is no evidence to indicate it was used otherwise by Sheffield.

Plaintiff also strives to create evidence of suspicious timing by pointing to his prior excellent performance reviews, the comments by Sheffield, and his demotion shortly thereafter. These do not, however, demonstrate suspicious timing. There is nothing at all suspicious about the timing of plaintiff's demotion. Sheffield arrived in April of 2009 and, after meeting with and assessing the qualifications of the various potential members of her "cabinet," she opted not to include plaintiff in that group. Further, as discussed above, the comments by Sheffield were not ageist. Additionally, as will be discussed further under the indirect method analysis, plaintiff's prior performance was not particularly relevant to Sheffield's decision as she applied her own set of criteria to her assessment of whom she chose for her most trusted administrators. Cf. Naik, 627 F. 3d at 600 (A plaintiff must show he is meeting a defendant's legitimate expectations at the time of his termination). None of the evidence relied on by plaintiff shows suspicious timing.

Lastly, plaintiff contends that he has circumstantial evidence under the direct method based on the fact that he had superior qualifications as compared to the two younger individuals that replaced him.[2] This argument misses the mark, however, because it fails to recognize that Sheffield did not decide to demote plaintiff based on his established qualifications. Rather, she did so because she considered him to be uncooperative and not someone she could work with as part of her innermost circle of administrators. Such reasons are entirely reasonable considering she was selecting individuals for the most trusted positions in her administration. Part of the reason for her opinion was based on plaintiff having encountered her during her own selection process which she considered inappropriate. While plaintiff opines that the encounter was not inappropriate, it is Sheffield's view, as the decision maker, that matters. Further, while plaintiff may have been arguably qualified in terms of education and experience, Sheffield was entitled

## STATEMENT - OPINION

to make her decision based on other considerations related to her view of him as a potential member of her cabinet. Accordingly, plaintiff's qualifications as compared to those of the two people who replaced him does not constitute evidence of age discrimination under the direct method. Plaintiff has failed to show age discrimination under the direct method sufficient to withstand summary judgment.

   2. Indirect Method

Plaintiff alternatively seeks to make his case for purposes of summary judgment under the indirect, burden-shifting method. There is no question here that plaintiff meets elements one and three of the prima facie case in that he is a member of the protected class and he was subject to an adverse employment action. He has failed, however, to satisfy elements two and four.

As to element two, plaintiff relies on his qualifications and past evaluations in arguing that he reasonably performed up to defendant's expectations. This contention misses the mark, however. The issue is not whether he met those expectations in the past, but rather, whether he did so at the time of his demotion. See Naik, 627 F. 3d at 600. The decision maker, Sheffield, testified that a significant consideration in her choosing individuals for her cabinet was loyalty, cooperation, and respect for her office. In Sheffield's opinion, based on her perceptions of plaintiff through their initial encounter and subsequent assessment process, plaintiff did meet her standards. Plaintiff has not pointed to any evidence to refute that opinion or show it was unreasonable. The fact that he may have been qualified by virtue of education and experience or received excellent evaluations by prior superintendents does not carry the day. While a prior superintendent may have considered plaintiff to be qualified for his prior position, the new superintendent did not consider him so for either of the new positions. Further, plaintiff has not shown that Sheffield's decision was based on anything other than valid employment factors. Having failed to show that he has met the legitimate expectations of the decision maker, Sheffield, plaintiff has not established a prima facie case of age discrimination.

Plaintiff has also failed to establish that similarly-situated employees not in his protected class were treated more favorably. To do so he must identify employees who were directly comparable to him in all material respects, including that they engaged in comparable behavior. See Naik, 627 F. 3d at 600. There is no evidence here that any employee who failed to meet Sheffield's criteria for top administrators, such as loyalty or willingness to cooperate as part of her team, was given the job. In fact, the evidence shows that other younger candidates were not selected for similar reasons as plaintiff. Therefore, plaintiff has failed to establish a prima facie case for this reason as well.

Moreover, even if plaintiff had made out a prima facie case, he has failed to demonstrate that Sheffield's proffered non-discriminatory reasons for not choosing him for her cabinet were a pretext for age discrimination. The only question in that regard is whether Sheffield had a legitimate, non-discriminatory reason for her decision and not whether she made the correct decision. See Naik, 627 F. 3d at 601. Whether Sheffield should have given less weight to such considerations as loyalty, cooperation, and respect for her office and more weight to such things as plaintiff's credentials and past performance is not a matter for this court or a jury to decide. Therefore, plaintiff has failed to show the pretext necessary to succeed under the indirect method of proof.[3]

For the foregoing reasons, the court grants defendant's summary judgment motion as to all claims and dismisses this cause in its entirety.

---

1. While defendant contends she did not make at least one of these statements, the court, as it must at this stage of the proceeding, accepts plaintiff's version as true.

2. It is undisputed that plaintiff's former position was essentially divided into two new positions.

3. The court notes that none of the evidence in this case shows that age was a factor in Sheffield's decision as to plaintiff let alone that is was a but- for cause of the adverse employment action.